UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAMON REARDON,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. 4:24-cv-00156-CWD<br><br>**REPORT AND RECOMMENDATION** |

On March 25, 2024, the Clerk of the Court conditionally filed the Complaint subject to later review by the Court to determine whether Plaintiff is entitled to proceed in forma pauperis under 28 U.S.C. § 1915. The initial review of the Complaint has been completed. For the reasons set forth below, the Court recommends that Plaintiff's request to proceed without the prepayment of fees in this case be denied.

**A. Standard of Review**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $405.00. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to

**REPORT AND RECOMMENDATION - 1**

prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 2009); 28 U.S.C. § 1915(a)(1) ("any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal,…without prepayment of fees or security therefor.").

To qualify for IFP status under § 1915, the plaintiff must submit an Application and Affidavit showing a lack of sufficient funds to pay the filing fee and that the suit is not frivolous or malicious. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). An affidavit is sufficient where it states that the plaintiff "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). A plaintiff need not demonstrate absolute destitution to meet the requirements of the statute. *Escobedo*, 787 F.3d at 1234; *see also Adkins*, 335 U.S. at 339 (Litigants are not required to contribute their "last dollar" or "make themselves and their dependents wholly destitute."). Nonetheless, the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981); *see also Escobedo*, 787 F.3d at 1234. Motions to proceed in forma pauperis under § 1915 are left to the sound discretion of the trial court and are granted only in exceptional circumstances where the movant has made the requisite showing. *Id.*

**REPORT AND RECOMMENDATION - 2**

B.   **Discussion**

Plaintiff's IFP application includes an affirmation stating he is unable to pay the costs of these proceedings. (Dkt. 3.) The Court has examined the application and finds that it is in the proper form, but that it does not establish Plaintiff meets the requirements for IFP status.

The application reflects Plaintiff is currently unemployed, but that he and his spouse receive monthly income of $2,139.00 from Plaintiff's disability insurance payments, and $2,604.40 from his spouse's employment, resulting in expected monthly income of $4,743.40. Plaintiff reports monthly expenses totaling $3,590.00, the existence of some assets (a 2000 Ford 3150 and a 2020 Nissan Rogue), and bank accounts (overdrawn by $59.40). Plaintiff reports consumer debts consisting of monthly car payments ($250.00) and credit card payments ($70.00). Plaintiff has no dependents.

The Court may consider a spouse's financial resources in determining whether Plaintiff is entitled to IFP status. *See Escobedo*, 787 F.3d at 1236. In doing so, the Court must make a reasonable inquiry into: (1) whether her spouse's resources are "actually available" to the plaintiff; and (2) whether a spouse "in fact has sufficient funds, given his or her own expenses, to assist in paying the fee." *Id*. at 1227. Here, Plaintiff's spouse has a monthly income of $2,604.40, which translates to an annual salary of $31,252.80. The application reflects that Plaintiff shares finances with his spouse and that his spouse's income supports their household such that his spouse's resources are actually available to Plaintiff. (Dkt. 3).

**REPORT AND RECOMMENDATION - 3**

In determining what level of income constitutes poverty for purposes of 28 U.S.C. § 1915, the Court considered the poverty guidelines set by the United States Department of Health and Human Services as one measure. *See* 83 Fed. Reg. 2642, 2643. These guidelines set the current poverty level for a two-person household in Idaho at $20,440.00 annually.[1] Plaintiff's annual household income of $56,920.80 is more than twice the poverty level threshold. However, Plaintiff's annual income is substantially less than the median income of $75,857.00 for a two-person household living in Idaho.[2]

The Court has also considered Plaintiff's monthly expenses as reflected on the Application. (Dkt. 3.) Having done so, the Court finds them to be relatively modest, with the exception of the monthly payment of $720.00 for the couple's electricity, heating, water, sewer and telephone service, and $200.00 for recreation, entertainment, newspapers and magazines. Even so, Plaintiff's monthly household income exceeds monthly expenses by $1,153.40.

The Court is sympathetic to Plaintiff's financial constraints, and acknowledges that he reports he and his spouse are in arrears with their bills. However, to qualify for IFP status, a plaintiff must be experiencing such poverty that the plaintiff cannot reasonably pay court costs without forgoing the normal necessities of life. *Escobedo*, 787

---

[1] U.S. Dep't. of Health and Human Services, Poverty Guidelines, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines.
[2] Census Bureau Median Family Income by Family Size, November 1, 2023 – March 31, 2024, https://www.justice.gov/ust/eo/bapcpa/20231101/bci_data/median_income_table.htm (listing the median income for a two person household in Idaho as $75,857.00 for cases filed under the Bankruptcy Code between November 1, 2023, and March 31, 2024.)

**REPORT AND RECOMMENDATION - 4**

F.3d at 1234. Plaintiff has not shown that he falls within this category. He has a regular source of income, his monthly utility and recreation expenditures seem high, and according to the application, he has a surplus of $1,153.40 each month. On balance, Plaintiff's monthly income, expenses, and assets put him above the poverty threshold needed to qualify for IFP status.

Based upon the foregoing statements of Plaintiff's current financial condition, the Court does not find it appropriate to grant Petitioner's application, and is unable to recommend that he be permitted to file the Petition without prepayment of the filing fee.

For these reasons, the Court will recommend that the IFP application be denied.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED that:**

1)      Plaintiff's motion for leave to proceed in forma pauperis (Dkt. 3) be **DENIED**.

**IT IS FURTHER RECOMMENDED THAT:**

2)      To proceed, Plaintiff be ordered to pay the filing fee of $405.00. Plaintiff may pay the fee all at once, or may pay in installments over time. Should Plaintiff elect to proceed with an installment plan, Plaintiff must pay the Clerk of Court in monthly installments (or other increments of time) until the filing fee is paid in full. The first installment must be paid within thirty days of the date of any order approving the Court's recommendation, and the entire filing fee must be paid within six months of the date of any order approving the Court's recommendation.

**REPORT AND RECOMMENDATION - 5**

3)    If Plaintiff believes the Court has misconstrued any aspect of his financial situation, Plaintiff may file a renewed IFP request within thirty days of the date of any order approving the Court's recommendation, showing cause why payment of the filing fee would be inappropriate.

4)    If Plaintiff neither files a renewed IFP request nor pays the filing fee in accordance with the Court's order, the case may be dismissed without further notice. *See* Fed. R. Civ. P. 41(b).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

Dated: **April 18, 2024**

Candy W. Dale
United States Magistrate Judge

**REPORT AND RECOMMENDATION - 6**