## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| DAMON R., | Case No.  4:24-CV-00156-BLW-REP |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| LELAND DUDEK, Acting Commissioner of Social Security, | |
| Defendant. | |

Pending is Petitioner Damon R.'s Petition for Review (Dkt. 1) and an accompanying Brief in Support of Petition to Review (Dkt. 17) appealing the Social Security Administration's final decision finding him not disabled and denying his claim for disability insurance benefits. *See* Pet. for Rev. (Dkt. 1).  This action is brought pursuant to 42 U.S.C. § 405(g).  Having carefully considered the record and otherwise being fully advised, the Court enters the following Report and Recommendation.

### ADMINISTRATIVE PROCEEDINGS

Petitioner is a fifty-seven-year-old man who survived brain cancer in his twenties and then went on to work as an engineer for fifteen years.  Pt.'s Br. at 2-3 (Dkt. 17); *see also* AR 20, 262.  In 2015, one of the shunts that was left in Petitioner's brain after his cancer treatment became infected.  Unfortunately, the infection left Petitioner with cognitive issues, including distractibility, poor memory, slowness, and irritability.  AR 20-23, 261.  Petitioner alleges that these issues have rendered him unable to work.

**REPORT AND RECOMMENDATION - 1**

Petitioner has applied for disability benefits twice.  Petitioner first filed an application for social security disability income ("SSDI") in June 2016.  AR 140.  The claim was denied at all levels.  AR 15.  In December 2020, Plaintiff filed his second application for benefits, asserting a disability onset date of November 19, 2018.  *Id.*

As with his previous claim, Petitioner's current claim was denied initially and on reconsideration.  *Id.*  Once again, Petitioner requested a hearing in front of an Administrative Law Judge ("ALJ").  On January 10, 2023, the claim went to a hearing.  On April 29, 2022, the second ALJ issued a decision that was unfavorable to Petitioner.  AR 15-35.  Petitioner appealed this decision to the Appeals Council.  The Council denied Petitioner's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security.  AR 1-6.

Having exhausted his administrative remedies, Petitioner filed this case.  Petitioner raises three points of error.  First, Petitioner contends that the ALJ improperly rejected the opinion of his therapist, Jody Bilstrom.  Pt.'s Br. at 11-16 (Dkt. 17).  Second, Petitioner maintains that the ALJ erred in finding the opinion of the consulting examiner, Dr. Donald M. Whitley, unpersuasive.  *Id.* at 17-19.  Finally, Petitioner argues that the ALJ failed to provide germane reasons for discounting the statements of his wife.  *Id.* at 19-20.

## STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards.  42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017).  Findings as to any question of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. § 405(g).  In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

**REPORT AND RECOMMENDATION - 2**

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a person of a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson v. Comm'r of Social Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015); *Treichler*, 775 F.3d at 1098. Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

## THE SEQUENTIAL PROCESS

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§

**REPORT AND RECOMMENDATION - 3**

404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant is engaged in SGA, disability benefits are denied regardless of his medical condition, age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522, 416.922. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c).

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R.

**REPORT AND RECOMMENDATION - 4**

Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the

answer is yes, the claimant is considered disabled under the Social Security Act and benefits are

awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the claimant's impairments neither meet nor

equal a listed impairment, the claim cannot be resolved at step three and the evaluation proceeds

to step four.  20 C.F.R. §§ 404.1520(e), 416.920(e).

In the fourth step of the evaluation process, the ALJ decides whether the claimant's

residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work.

20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An individual's RFC is his ability to do

physical and mental work activities on a sustained basis despite limitations from his

impairments.  20 C.F.R. §§ 404.1545, 416.945.  An individual's past relevant work is work he

performed within the last 15 years, or 15 years prior to the date that disability must be

established, if the work was substantial gainful activity and lasted long enough for the claimant

to learn to do the job.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

In the fifth and final step, if it has been established that a claimant can no longer perform

past relevant work because of his impairments, the burden shifts to the Commissioner to show

that the claimant retains the ability to do alternate work and to demonstrate that such alternate

work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin,* 759 F.3d 995, 1011 (9th

Cir. 2014).  If the claimant can do such other work, he is not disabled; if the claimant cannot do

other work and meets the duration requirement, he is disabled.

## THE ALJ'S FINDINGS

The ALJ found that Petitioner suffers from the following severe impairments: mild

cognitive disorder with micro headaches, mood disorder, anxiety, obsessive-compulsive

**REPORT AND RECOMMENDATION - 5**

disorders, asthma, and hypothyroidism.  AR 19.  The ALJ determined that these impairments

limit Petitioner to simple, routine and repetitive tasks, in a low-stress environment, with only

occasional decision-making, occasional work-place changes, no fast-paced production quotas,

and only occasional interaction with the public and with co-workers.  AR 24.  Based on the

testimony of a vocational expert (a "VE"), the ALJ concluded that these limitations would

prevent Petitioner from returning to his past work as a design engineer.  AR 33.  The ALJ found,

however, that Petitioner's limitations would not prevent him from performing an alternative

range of unskilled jobs, including working as a dining room attendant, cook helper, or kitchen

helper.  AR 34.  The ALJ, therefore, found that Petitioner was not disabled.  AR 35.

## DISCUSSION

I.    The Opinion of Ms. Bilstrom

Petitioner's first challenge on appeal relates to the opinion of his counselor, Jody

Bilstrom.  Pt.'s Br. at 13 (Dkt. 17).  Petitioner saw Ms. Bilstrom seven times between June 2021

and March 2022 for outpatient therapy.  AR 890.  Based on these sessions, Ms. Bilstrom

completed a check-box form opining that Petitioner is "seriously" limited in a variety of

domains, including maintaining attention for two-hour segments, accepting instructions and

responding appropriately to criticism from supervisor, and dealing with normal work stress.  AR

892-893.  Ms. Bilstrom estimated that Petitioner would miss work three days a week due to his

conditions.  AR 893.

*a.  Standard of Review*

For claims that were filed on or after March 27, 2017, the ALJ evaluates the

persuasiveness of each medical opinion based on several factors, including supportability,

**REPORT AND RECOMMENDATION - 6**

consistency, relationship with the claimant, and specialization.  20 C.F.R. § 404.1520c(a).  The

ALJ's duty to articulate a rationale for each factor varies.  20 C.F.R. §§ 404.1520c(a)-(b).

Supportability and consistency are the most important factors, and the ALJ, therefore,

must explain how both factors were considered.  *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir.

2022); 20 C.F.R. § 404.1520c(b)(2).  The factor of supportability looks inward at a medical

opinion's bases: "[t]he more relevant the objective medical evidence and supporting explanations

presented by a medical source are to support his or her medical opinion(s) . . . , the more

persuasive the medical opinions . . . will be."  20 C.F.R. § 404.1520c(c)(1).  The factor of

consistency, on the other hand, looks outward, comparing the opinion to the other evidence in the

record: "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical

sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will

be."  20 C.F.R. § 404.1520c (c)(2).

The Court reviews the ALJ's persuasiveness determinations under these regulations using

the substantial evidence standard.  To be upheld, "an ALJ's decision, including the decision to

discredit any medical opinion, must simply be supported by substantial evidence."  *Woods*, 32

F.4th at 787.

### b.  *The ALJ's Evaluation of Ms. Bilstrom's Opinion*

The ALJ's discussion of Ms. Bilstrom's opinions reads as follows:

> The medical source statement of counselor Bilstrom was considered but found
> unpersuasive (Ex. B12F).  While offered after the date last insured, this counselor
> had started treating the claimant in June 2021.  The counselor noted anxiety and
> OCD conditions, checking a number of boxes indicating emotional symptoms,
> memory impairment and easy distractibility (Ex. B12F).  Ms. Bilstrom endorsed
> up to serious limits (consistent with Agency language of marked limitation) in
> understanding, remembering, or applying information, concentrating persisting, or
> maintaining pace, interacting with others and adapting or managing oneself (Ex.
> B12F).  She also found that the claimant would miss about three workdays per
> month (Ex. B12F).  As attempted support, Ms. Bilstrom cited diagnoses, checked

**REPORT AND RECOMMENDATION - 7**

of symptoms and noted poor memory as well as feeling easily overwhelmed, which affected mood and coping skills (Ex. B12F).

However, as discussed above, the evidence, through the date last insured, the evidence [sic] is most consistent with moderate mental limitations. The claimant has mood, anxiety, OCD and mild cognitive impairments. Yet, while he has emotional symptoms, including depression, anxiety, frustration and irritability, medication, and when he could afford it, counseling have been helpful. Admittedly, exams have included some observations of impaired memory, concertation and some cognitive slowness. Still, the claimant was able to generally provide adequate fund of knowledge answers, answer simple math calculations and provide some correct recall answers. He was also felt to be capable of handling his finances. Moreover, he testified that he could follow a written recipe, wash dishes well and do some various household tasks at this wife's request. He also volunteers at church, even helping fix the old boiler at times. Moreover, he has not required psychiatric hospitalization. Nor has there been evidence that his irritability has resulted in legal issues. Ultimately, while he has deficits in all four mental domains of functioning, his residual functional capacity includes restrictions to address each area of limitation. Ultimately, the evidence appears most consistent with moderate mental limitations. Thus, the counselor's opinion is unpersuasive.

AR 31-32. As Petitioner points out, this discussion focuses exclusively on comparing Ms. Bilstrom's opinion with the remainder of the evidence in the record. The ALJ never delves into supportability.

The closest the ALJ comes to addressing this factor is an aside saying that Ms. Bilstrom cited certain diagnoses and symptoms as "attempted support" for her opinions. AR 32. The use of the phrase "attempted support" suggests that the ALJ was not impressed with Ms. Bilstrom's reasoning. But it falls short of the requirement that the ALJ "explain how" he considered the supportability factor. *Woods*, 32 F.4th at 792; *see also Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014) (an ALJ may not reject a medical opinion "with boilerplate language that fails to offer a substantive basis for" the ALJ's conclusion) and *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (explaining that a generalized finding of an unspecified conflict between the claimant's testimony and the medical record does not satisfy the ALJ's duty of articulation).

**REPORT AND RECOMMENDATION - 8**

The only question is whether this error was harmful.  In the social security context, reversal on account of error is not "automatic," but requires a "case-specific" determination of prejudice.  *Ludwig*, 681 F.3d at 1053.  For example, the Ninth Circuit has found that articulation errors are harmless where an ALJ's mistakes are irrelevant or inconsequential to the ALJ's ultimate disability conclusion.  *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) and *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

Here, the ALJ provided valid grounds for finding Ms. Bilstrom's opinion inconsistent with Petitioner's medical records and reported activities.[1]  AR 21-22, 32.  In many, if not most, cases this would weigh in favor of finding that any error in failing to consider supportability was harmless.  *See Tonya Kay G. v. Comm'r of Soc. Sec.*, No. 4:21-CV-00179-DKG, 2022 WL 3567090, at *6 (D. Idaho Aug. 17, 2022) (collecting cases where the ALJ erred in consideration of supportability, but the court upheld ALJ's rejection of the medical opinion based on the ALJ's consistency findings).  Under the unusual facts of this case, however, the undersigned cannot say that the ALJ's articulation error was inconsequential.  As Petitioner repeatedly emphasizes, the ALJ rejected *all* the medical opinions in the record; he rejected some, like Ms. Bilstrom's because they were too restrictive, and others, like the agency reviewers, because they were too expansive.  AR 30-32.  In other words, the ALJ found that Petitioner's mental functioning lay somewhere in the middle of the various medical opinions.

---

[1] The challenge that Petitioner raises to this portion of the ALJ's decision amounts to nothing more than an alternative reading of the record.  The ALJ reasonably concluded that Petitioner's adequate fund of knowledge, ability to perform mental math, household and volunteer activities, which included repairing an old boiler, and his ability to manage his own finances were more consistent with someone with moderate mental limitations than someone with the limitations Ms. Bilstrom endorsed.  *Compare*, *e.g.*, AR 894 (finding that Petitioner could only manage his benefits with his wife's supervision) with AR 757 (finding that Petitioner could manage his own finances).

**REPORT AND RECOMMENDATION - 9**

The undersigned suspects that additional discussion of supportability will not change this delicate balancing. But these suspicions are not strong enough for the undersigned to conclude that the ALJ's articulation error was harmless. *See Marsh*, 792 F.3d at 1173 (an ALJ's failure to properly evaluate a physician's opinion may be harmless error when the reviewing court "can confidently conclude" that the ALJ would not have reached a different disability determination in the absence of the error). While Ms. Bilstrom's opinion does not strike the undersigned as particularly well-supported, reasonable minds could differ on this question. If the ALJ had considered the supportability of Ms. Bilstrom's opinion more carefully and if this consideration had led the ALJ to find that the opinion was supported, the ALJ also *could* have concluded that the evidence that supported Ms. Bilstrom's opinions showed that Petitioner has greater limitations than those set forth in the current RFC.

It is just as likely, of course, that the ALJ would have rejected Ms. Bilstrom's opinion as supported, but inconsistent with the other evidence. But it is the responsibility of the ALJ, not this Court, to engage in this kind of balancing of the evidence in the first instance. *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) (the ALJ "is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities"); *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (when diverging medical opinions provide substantial evidence for two different conclusions, it "solely the province of the ALJ to resolve the conflict") and *Machelle H. v. Kijakazi*, No. 1:20-CV-00357-CWD, 2021 WL 4342313, at *8 (D. Idaho Sept. 22, 2021) (remanding the case for the ALJ to "articulate how he considered the supportability factor" in the first instance). The undersigned, consequently, recommends that the case be remanded for the ALJ to address the supportability of Ms. Bilstrom's opinion.

**REPORT AND RECOMMENDATION - 10**

II.    The Opinion of Dr. Whitley and the Statement of Petitioner's Wife

Because the ALJ has the discretion to reopen the record on remand and to enter new

findings regarding the other medical opinion evidence and the lay witness evidence, the Court

does not address Petitioner's challenge to these portions of the ALJ's decision.

III.    The Remedy

When an ALJ's denial of benefits is not supported by the record, district courts possess

discretion under 42 U.S.C. § 405(g) to remand for further proceedings or for an award of

benefits. *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1099 (9th Cir. 2014). The proper course

turns on the utility of further proceedings. A remand for an award of benefits is appropriate

when no useful purpose would be served by further administrative proceedings and when the

record has been fully developed and the evidence is insufficient to support the Commissioner's

decision. *Id.* at 1100. In most cases, however, remand for additional investigation or

explanation is preferred. *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012). Such remands

allow for the ALJ to resolve any outstanding issues in the first instance.

In this case, the ALJ has not conducted a supportability analysis as contemplated by 20

C.F.R. § 404.1520c. The undersigned recommends that the Court remand the case for the ALJ to

conduct this analysis in the first instance.

## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that that Petitioner's Petition

for Review (Dkt. 1) be **GRANTED** and the decision of the Commissioner be **REVERSED** and

**REMANDED** for further proceedings consistent with this report and recommendation.

Written objections to this Report and Recommendation must be filed **within seven (7)**

**days**. *See* District of Idaho Local Civil Rule 72.1(b)(2) (permitting the Court to shorten the

**REPORT AND RECOMMENDATION - 11**

objection period).  If objections are filed, the other party may serve and file a response **within (7)**

**seven** days of the objection being filed.

DATED: March 03, 2025

Raymond E. Patricco
Chief U.S. Magistrate Judge

**REPORT AND RECOMMENDATION - 12**