UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAMON R, <br><br> Plaintiff, <br><br> v. <br><br> LELAND DUDECK, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 4:24-cv-00156-BLW-REP <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION** |

# INTRODUCTION

This is a social security case in which the Plaintiff appeals the Commissioner's denial of his disability claim. This matter is before the Court on United States Magistrate Judge Raymond E. Patricco's Report & Recommendation (Dkt. 23) and the Commissioner's Objection (Dkt. 24). For the reasons explained below, the Court will overrule the Objection, adopt the Report & Recommendation in its entirety, reverse the decision of the Commissioner, and remand the case for further proceedings.

**ORDER ADOPTING REPORT AND RECOMMENDATION- 1**

# BACKGROUND[1]

In April 2022, an Administrative Law Judge, or ALJ for short, denied Plaintiff's application for Social Security Disability benefits. Plaintiff appealed the decision to the Appeals Council, who denied Plaintiff's Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security. Plaintiff then filed a petition in this Court. He raised several points of error, including that the ALJ improperly rejected the opinion of his therapist, Jody Bilstrom. The ALJ concluded Ms. Bilstrom's opinion was unpersuasive, reasoning:

> The medical source statement of counselor Bilstrom was considered but found unpersuasive (Ex. B12F). While offered after the date last insured, this counselor had started treating the claimant in June 2021. The counselor noted anxiety and OCD conditions, checking a number of boxes indicating emotional symptoms, memory impairment and easy distractibility (Ex. B12F). Ms. Bilstrom endorsed up to serious limits (consistent with Agency language of marked limitation) in understanding, remembering, or applying information, concentrating persisting, or maintaining pace, interacting with others and adapting or managing oneself (Ex. B12F). She also found that the claimant would miss about three workdays per month (Ex. B12F). As attempted support, Ms. Bilstrom cited diagnoses, checked off symptoms and noted poor memory as well as feeling easily overwhelmed, which affected mood and coping skills (Ex. B12F).
>
> However, as discussed above, the evidence, through the date last insured, the evidence is most consistent with moderate mental limitations. The claimant has mood, anxiety, OCD and mild cognitive impairments. Yet, while he has emotional symptoms, including depression, anxiety, frustration and

---

[1] The factual and procedural background are detailed more fully in the Report & Recommendation, which the Court adopts in full.

**ORDER ADOPTING REPORT AND RECOMMENDATION- 2**

> irritability, medication, and when he could afford it, counseling have been helpful. Admittedly, exams have included some observations of impaired memory, concertation and some cognitive slowness. Still, the claimant was able to generally provide adequate fund of knowledge answers, answer simple math calculations and provide some correct recall answers. He was also felt to be capable of handling his finances. Moreover, he testified that he could follow a written recipe, wash dishes well and do some various household tasks at this wife's request. He also volunteers at church, even helping fix the old boiler at times. Moreover, he has not required psychiatric hospitalization. Nor has there been evidence that his irritability has resulted in legal issues. Ultimately, while he has deficits in all four mental domains of functioning, his residual functional capacity includes restrictions to address each area of limitation. Ultimately, the evidence appears most consistent with moderate mental limitations. Thus, the counselor's opinion is unpersuasive.

A.R. 31–32, Dkt. 16.

In March 2025, United States Magistrate Judge issued his Report, recommending the Court reverse and remand the Commissioner's decision. The Commissioner objects to the Report.

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a de novo review. In this case, the Commissioner filed an objection and

**ORDER ADOPTING REPORT AND RECOMMENDATION- 3**

the Court has conducted a de novo review of those portions of the Report as well as the record in this matter.

## DISCUSSION

The Commissioner raises a single objection to the Report & Recommendation, arguing the ALJ sufficiently addressed the supportability factor when considering Ms. Bilstrom's opinion. There are several factors an ALJ must consider when evaluating a medical opinion, each of which have different "articulation requirements." *Id.* at § 404.1520c(b). Relevant here, supportability is one of the "most important factors" and, therefore, the ALJ must explain how it considered the supportability of a medical source's opinions. *Id.* at § 404.1520c(b)(2). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)). An ALJ's persuasiveness determination will be upheld if "supported by substantial evidence." *Id.* at 787.

The Court has reviewed the ALJ's discussion of Ms. Bilstrom's opinion and agrees with Judge Patricco that the ALJ does not explain how he considered the supportability factor. Indeed, the main focus of the ALJ's analysis is comparing Ms. Bilstrom's opinions with other evidence in the record. This analysis relates not

to supportability, but to consistency, the other "most important factor." 20 C.F.R. § 404.1520c(c)(2). The closest the ALJ comes to addressing supportability is the sentence "as attempted support, Ms. Bilstrom cited diagnoses, checked off symptoms and noted poor memory. . ." A.R. 32, Dkt. 16. The Commissioner suggests that "ALJ's path may reasonably be discerned" from this statement because the use of the phrase "attempted support. . . indicates that the ALJ found the opinion to be not supported." *Objection* at 3, Dkt. 24. The weight of the inference the Commissioner asks the Court to make is too much. This two-word phrase is insufficient to satisfy the ALJ's duty of articulation.

    The Commissioner argues that the ALJ's insufficient articulation of his consideration of supportability is harmless. He explains that the ALJ clearly concluded that Ms. Bilstrom's opinion was unpersuasive because it lacked consistency. This finding, according to the Commissioner, renders any error as to supportability harmless because a sufficient discussion of supportability would not have changed the outcome. An ALJ's failure to properly evaluate a medical opinion is harmless when a reviewing court "can confidently conclude that no reasonable ALJ," could have reached a different disability determination in the absence of error. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (internal quotation makes omitted). The Court cannot confidently reach that conclusion

**ORDER ADOPTING REPORT AND RECOMMENDATION- 5**

here.

The ALJ's decision did not articulate any consideration of supportability, meaning on review the Court cannot determine whether, or how, that factor weighed against any other factor to impact the persuasiveness determination and, in this case, potentially disability determination. Indeed, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ, not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin*, 554 F.3d 1219, 1225 (9th Cir. 2009). The lack of consideration is what renders the error harmful because the Court cannot conclude, based on the record, that had the ALJ fully considered the supportability of Ms. Bilstrom's opinion that it would not have reached a different decision. "These determinations are to be made by the ALJ in the first instance" and since no such determination was made here, the Court cannot find the error harmless. *Machelle H. v. Kijakazi*, No. 1:20-CV-00357-CWD, 2023 WL 4342313, at *8 (D. Idaho Sept. 22, 2021) (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015)). Accordingly, the Court will overrule the Commissioner's objection and find the failure to articulate his consideration of the supportability factor was harmful legal error.

**ORDER ADOPTING REPORT AND RECOMMENDATION- 6**

## ORDER

**IT IS ORDERED that:**

1. The Commissioner's Objection to the Report and Recommendation (Dkt. 23) is **OVERRULED.**

2. The Report and Recommendation entered (Dkt. 24) is **INCORPORATED** and **ADOPTED** in its entirety.

3. The Commissioner's decision is **REVERSED** and this case is **REMANDED** for further proceedings consistent with this decision.

DATED: March 31, 2025

B. Lynn Winmill
U.S. District Court Judge